NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

R.M.N.,                                    )
                                           )
              Appellant,                   )
                                           )
v.                                         )    Case No. 2D14-2133
                                           )
STATE OF FLORIDA,                          )
                                           )
              Appellee.                    )
_____)

Opinion filed February 10, 2016.

Appeal from the Circuit Court for
Hillsborough County; Rex M. Barbas,
Judge.

Howard L. Dimmig, II, Public Defender,
and Carol J.Y. Wilson, Assistant Public
Defender, Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs Cline,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

              R.M.N. appeals a disposition order withholding adjudication of delinquency

and placing him on juvenile probation.  The delinquent act allegedly committed by

R.M.N. was burglary of an unoccupied dwelling.  After a full review of the record, we

conclude that R.M.N. is correct in his argument that the State proved only a trespass

and failed to prove that he entered the property with an intent to commit another offense. Accordingly, the disposition order is reversed to the extent that on remand the order shall reflect that the child was found to have committed the lesser delinquent act of trespass.[1]

To its credit, the trial court appears to have given careful consideration to the terms and conditions of the disposition order that would best benefit R.M.N. However, the change in the delinquent act may affect the terms and conditions of juvenile probation as well as the court costs and fees. Accordingly, on remand the trial court shall take the steps necessary to ensure that the disposition is appropriate for this lesser act.

Affirmed in part, reversed in part, and remanded.

KHOUZAM and MORRIS, JJ., Concur.

---

[1]We note that the language of the "form" disposition order used here did not include a section for the trial court to memorialize that R.M.N. "was found to have committed the delinquent acts listed below." See Fla. R. Juv. P. Form 8.947 (eff. July 1, 2013). Instead, the form disposition order included some language that would have been more appropriate for an adult criminal case in that it stated: "the child was *found guilty* after an adjudicatory hearing *of the below offenses*." (Emphasis added.)